FILED
JUL 15 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___PN___ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRIC DISTRICT OF TEXAS

BLYSS McGINLEY §
Plaintiff §
§
§ CASE NUMBER:
vs. §
§
I C SYSTEM, INC § 1:22CV00705 LY
ABILITY RECOVERY SERVICES LLC §
Defendant

DEMAND FOR JURY TRIAL

## ORIGINAL COMPLAINT

Now comes Plaintiff, Blyss McGinley ("Plaintiff" herein), and complains of defendants, I.C. Systems, Inc ("ICS" herein) Ability Recovery Services LLC ("ABS" herein) for cause of action show the following:

### JURISTDICTION AND VENUE

1. Jurisdiction is proper in this Court because an action to enforce liability under the Fair Debt Collection Practices Act may be brought in any court of competent jurisdiction (15 U.S.C. §1692k(d)). Venue is proper because the events giving rise to this controversy occurred in this district.

### STANDING

3. Plaintiff has suffered injury in fact is traceable to Defendants conduct and that is likely to be redressed by a favorable decision in this matter.
4. Plaintiff further suffered concrete injury as a result of Defendants violations contained herein.
5. Plaintiff further suffered a concrete informational injury as a result of Defendants failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

6. Upon information and belief, IC Systems Inc., is a corporation with its principal place of business at 444 E HIGHWAY 96 Vadnais Heights, MN 55127 and may be served by serving its registered agent at:
   1999 Bryan St. Ste 900
   Dallas, TX 75201

7. Upon information and belief Ability Recovery Services LLC is a foreign corporation with its principal place of business at 921 Oak St. Scranton, PA 18508 and may be served by serving its registered agent at:
   211 E. 7th Street, Suite 620
   Austin, TX 78701-3218 USA

## Factual allegations

8. This is a lawsuit for claims under the Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.
9. Plaintiff is a "consumer" as that term is defined by §392.001(1) of the TDCA.
10. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.
11. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally for monies owed relating to medical care.
12. The alleged debt is a "consumer debt" as that term is defined by §392.002(2) of the TDCA.
13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.
14. On or about March 9, 2022, Plaintiff reviewed her credit report.
15. On the credit report defendant observed tradelines from defendants.
16. Defendant ICS furnished two tradelines one for $400 and one for $119 allegedly owed.
17. Defendant ABS furnished a tradeline for $445 allegedly owed.
18. ICS is in the business of collecting defaulted consumer debts originally owed to other entities.

19. ABS is in the business of collecting defaulted consumer debt originally owed to other entities.
20. Also, on March 9, 2022 Plaintiff made a dispute via telephone, however on July 5,2022
21. Plaintiff re-checked her credit reports and defendants failed to communicate that the debt was disputed.
22. ICS is a "third-party debt collector" as that term is defined by §392.001(7) of the TDCA.
23. ICS is a "debt collector" as that term is defined at §1692a(6) of the FDCPA.
24. ICS has on file with the Texas Secretary of State a $10,000.00 bond wherein
25. Travelers is the surety and ICS is the principal. The bond is in favor of any person who is damaged by ICS's violation of Chapter 392 of the Texas Finance Code. Tex.Fin.Code §392.101(b)(1). The liability of Travelers is as surety only and may not exceed the amount of the bond as per Tex.Fin.Code §392.102.
26. ABS is in the business of collecting defaulted consumer debt originally owed to other entities.
27. ABS is a "third-party debt collector" as that term is defined by §392.001(7) of the TDCA.
28. ABS is a "debt collector" as that term is defined at §1692a(6) of the FDCPA.
29. Defendants publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff lowering her FICO scores causing her to be denied credit or granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress and mental anguish.

### FIRST CLAIM FOR RELIEF  15 U.S.C. 1692e(8)
(IC SYSTEMS, INC.)

30. Plaintiff re-alleges the above paragraph as if set forth fully in this count
31. Section §1692e(8) of the FDCPA states:

```
     A   debt   collector   may   not   use   any   false,   deceptive,   or
misleading   representation   or   means   in   connection   with   the
collection  of  any  debt.  Without  limiting  the  general  application
of  the  foregoing,  the  following  conduct  is  a  violation  of  this
section:
```

    (8) Communicating or threatening to com- municate to any
person credit information which is known or which should be known
to be false, including the failure to communicate that a disputed
debt is disputed.

32. Defendant IC Systems, Inc. violated §1692e(8) of the FDCPA by communicating credit information to at least one credit reporting agency but failing to also communicate that the alleged debt was disputed.

33. A debt reported with no dispute results in a much lower credit score on the report .

## SECOND CLAIM FOR RELIEF  15 U.S.C. 1692e(8)

(Ability Recovery Services, LLC)

34. Plaintiff re-alleges the above paragraph as if set forth fully in this count

35. Section §1692e(8) of the FDCPA states:

    A debt collector may not use any false, deceptive, or
misleading representation or means in connection with the
collection of any debt. Without limiting the general application
of the foregoing, the following conduct is a violation of this
section:

    (8) Communicating or threatening to com- municate to any
person credit information which is known or which should be known
to be false, including the failure to communicate that a disputed
debt is disputed.

36. Defendant Ability Recovery Services, LLC violated §1692e(8) of the FDCPA by communicating credit information to at least one credit reporting agency but failing to also communicate that the alleged debt was disputed.

37. A debt reported with no dispute results in a much lower credit score on the report.

HEREFORE, Plaintiff, Blyss McGinley, respectfully requests that this Court enter judgment in her favor and jointly against Defendants, I.C. System, Inc. and Ability Recovery, LLC.

a. Costs and fees pursuant to Texas Finance Code §392.403(b);

   2. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);
   3. Costs and reasonable fees pursuant to 15 U.S.C. §1692k(a)(3); and

d. Such other or further relief as the Court deems proper.

Respectfully submitted,

/s/Blyss McGinley
701 E. Academy
Brenham, Texas 77833

blyss.mcginley@yahoo.com